**STATE BAR OF TEXAS, Appellant,**

v.

**Julius GROSSENBACHER, Appellee.**

**No. 04–89–00268–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 27, 1989.

Steven D. Peterson, Linda Acevedo, Atty. Gen.'s Office, Austin, for appellant.

Julius C. Grossenbacher, San Antonio, pro se.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

CHAPA, Justice.

Appellant, State Bar of Texas, brought an action to discipline appellee attorney, Julius Grossenbacher, for professional misconduct. Appellant appeals the trial court's judgment in favor of the appellee.

The issues before this Court are:

1) whether the trial court erred in disregarding the stipulation and entering a finding of no professional misconduct; and

2) whether there is no evidence to support the trial court's Findings of Fact Nos. 1, 3, 4 and 6.

We affirm.

The record before the Court reflects:

1) That no record was made of the original proceeding and there is no indication that one was requested.

2) That Findings of Fact and Conclusions of Law were requested by appellant and filed by the court.

3) That no additional Findings were requested and no objection was levelled at the Findings and Conclusions before the court below.

4) That a stipulation containing certain admissions against interest as to the appellee was filed, which is relied upon by the appellant. *See* TEX.R.CIV.P. 11.

5) That this stipulation however, was not introduced or admitted into evidence.

6) That the only witness before the court was Julius Grossenbacher, and that no evidence was presented except by him.

7) That on rehearing, a record was made but no additional evidence was presented by either side.

8) That the court entered judgment in favor of appellee, finding no professional misconduct.

Appellant asserts that the filed stipulation was sufficient to establish that the appellee was guilty of professional misconduct and that the court erred in finding for appellee. We disagree.

Appellant has the burden of bringing forth a record that demonstrates

**738**

the error complained of. *Uvalde Const. Co. v. Joiner,* 132 Tex. 593, 126 S.W.2d 22, 24 (Tex. Comm'n App. 1939, opinion adopted); *Cloer v. Ford & Calhoun GMC Truck Co.,* 553 S.W.2d 183, 184 (Tex.App.—Corpus Christi 1977, writ ref'd n.r.e.). When an appeal is taken without a statement of facts, all presumptions are in favor of the judgment; we must presume that there is evidence to support the Findings of Fact and the court's judgment. *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79, 82 (1955) (citations omitted); *Men's Wearhouse v. Helms,* 682 S.W.2d 429, 430 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. denied* 474 U.S. 804, 106 S.Ct. 38, 88 L.Ed.2d 31 (1985).

■ In order for evidence to be considered as proof in a case, it must be admitted at trial. *Ruth v. Imperial Ins. Co.,* 579 S.W.2d 523, 525 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *LaVoie v. Kaplan,* 556 S.W.2d 641 (Tex.Civ.App.—Waco 1977, writ dism'd).

■ Stipulations are agreements between the parties, but must be admitted into evidence in order to be binding upon the trial judge. *Gulf Const. Co. Inc. v. Self,* 676 S.W.2d 624, 630 (Tex.App.—Corpus Christi 1984, no writ); *Thompson v. Kirkland,* 422 S.W.2d 258 (Tex.Civ.App.—Texarkana 1967, no writ). Furthermore, the trial court ordinarily has the discretion to set aside a stipulation. *Gulf Const.,* 676 S.W.2d at 630; *New v. First Natl Bank of Midland,* 476 S.W.2d 121, 124 (Tex.Civ. App.—El Paso 1971, writ ref'd n.r.e.); *Thompson v. Graham,* 318 S.W.2d 102 (Tex.App.—Eastland 1958, writ ref'd n.r.e.).

■ Moreover, in order to rely on an opponent's deemed admissions, objections must be made in trial to the admission of evidence contrary to the admissions or the right to rely will be waived. *Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989). We believe the same rule applies regarding stipulations.

Appellant here has failed in its burden of presenting this Court with a record showing the error complained of. This Court must therefore indulge every presumption favorable to the judgment. Further, the Findings of Fact and Conclusions of Law clearly disclose that the only evidence presented at trial was the testimony of the appellee, which we must presume sustains the judgment. From the record, we must further presume that the stipulation relied upon by the appellant was not admitted into evidence and that appellant failed to object to the contrary evidence presented by appellee.

Therefore, appellant has failed in its burden of presenting a record before this Court that establishes the trial court erred in finding for appellee, or in making Findings Nos. 1, 3, 4, and 6. The points are denied.

The judgment is affirmed.