STATE of Oklahoma, ex rel., OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Sam F. HOUSTON, Respondent.

Nos. OBAD 1135, SCBD 3971.

Supreme Court of Oklahoma.

April 9, 1996.

Dan Murdock, General Counsel, Mike Speegle, Asst. General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.

Sam F. Houston, Marlow, Stephen H. Buzin, Chickasha, for Respondent.

SIMMS, Justice:

Formal Complaint was filed by the Oklahoma Bar Association against Respondent, Sam F. Houston, alleging attorney misconduct warranting discipline. The complaint

alleged four separate counts against respondent, however one count was dismissed by the Bar because of lack of evidence.

Written stipulation containing finding of fact, conclusions of law, and an agreed recommendation for discipline, was submitted to the Professional Responsibility Tribunal. The Tribunal accepted the stipulation of facts and then Respondent was called to testify. Respondent acknowledged the stipulation was not binding on the Tribunal, and admitted violations of the Code of Professional Responsibility, 5 O.S.1991, ch. 1, app. 3, and the Oklahoma Rules of Professional Conduct, 5 O.S.1991, ch. 1, app. 3–A, as detailed in "Count I" thru "Count III" of this opinion. The Tribunal has recommended a two-year suspension.

■ Review by the Supreme Court is *de novo* in considering the record presented and the recommendation of the Trial Panel as to discipline. *Oklahoma Bar Ass'n v. Stubblefield,* 766 P.2d 979 (Okla.1988).

### COUNT I

■ This count involves a probate with an estate valued at over two and one-half million dollars. The stipulation reflects that Respondent wrote checks out of the estate and an expense account, which was unknown by the Court or the personal representative. Respondent stipulated he removed three thousand dollars in cash from a safety deposit box belonging to the deceased without knowledge or authorization of either the Court or the personal representative.

Respondent was discharged as attorney in the probate matter, and a new attorney then entered the case. It was then discovered that the unauthorized checks had been written and cash had been removed from the safety deposit box.

Demand was made on Houston to return these funds. Respondent returned $3,250.00 to replace the cash taken from the box. Respondent Houston then repaid monies in excess of $50,000.00 to replace funds withdrawn by check from the estate expense account. Both sides stipulated that part of the funds removed from the checking account were taken as unauthorized advances on fees.

### COUNT II

Count II involved Respondent's failure to timely file a Chapter 12 bankruptcy. Respondent was retained well in advance of the date his client's farm was sold at sheriff's sale, and the sale was confirmed. In fact, Respondent did not file the bankruptcy until after the hearing to confirm was held and the client had nothing to reorganize in the bankruptcy/farm reorganization proceeding. Houston did not inform his clients that he had failed to timely file the bankruptcy proceeding until after the land was gone.

Respondent's professional liability carrier made a settlement with the clients after suit was filed against Houston.

### COUNT III

Respondent was paid $2,500 by the mother of a convicted felon to perfect an appeal of the conviction. Houston did not represent the person at trial. The money paid by the mother was only partial payment of the total $5,000.00 fee, and the balance was paid by cleaning Respondent's house and office for a period of time.

Respondent entered his appearance of record in the appeal but did not file a brief, nor take any steps to complete the appeal. He misrepresented to defendant's mother that he had completed the appeal, when in fact, all he had done was filed an entry of appearance.

Respondent repaid the $5,000.00 only after suit was filed by the felon and the mother, and judgment was confessed by respondent.

### CONCLUSION

Having reviewed, *de novo,* the stipulation made by Complainant and Respondent, the briefs, and the record made before the Professional Responsibility Tribunal, we find in accordance with the stipulation and by clear and convincing evidence that Respondent is guilty of three separate legal matters in which his conduct amounted to dishonesty, fraud, deceit, or misrepresentation. This conduct is in violation of Rule 8.4(c) of the Oklahoma Rules of Professional Conduct, 5

O.S.1991, ch. 1, app. 3–A, which reads: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; * * * * *"

Respondent stipulated, and this Court finds, that respondent is in violation of Rules 1.1, 1.3, and 1.4, of the Rules of Professional Conduct which read: "1.1—A lawyer shall provide competent representation to a client. * * *." "1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.", and "1.4—(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

In a bar disciplinary proceeding, this Court as a licensing court, exercises exclusive original jurisdiction. Although the trial panel's recommendations are afforded great weight, it is our responsibility to make the final *de novo* determination regarding. discipline of lawyers. *State ex rel. Okla. Bar Ass'n v. Miskovsky*, 832 P.2d 814, 817. (Okla.1992).

In view of all the facts and circumstances surrounding Respondent's misconduct, we reject the recommendation of the Tribunal, and bearing in mind respondent has never been disciplined before, it is the judgment of this Court that Respondent be, and he is hereby suspended for a period of three (3) years, commencing with the date this opinion becomes final. Respondent is directed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A.

Respondent Houston is ordered to pay the costs of this disciplinary proceeding in the amount of $1,664.79, on or before six months from the date this opinion becomes final.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER and OPALA, JJ., concur.

HARGRAVE, J., concurs in part; dissents in part: "I would accept the recommendation of the Professional Responsibility Tribunal."

SUMMERS, J., joins HARGRAVE, J.

WATT, J., dissents: "I would disbar Respondent from the practice of law."