Dan Murdock, Janis Hubbard, Oklahoma City, for Oklahoma Bar Association.

Laurence Alan Bransgrove, Amarillo, Pro Se.

1999 OK 93

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Laurence Alan BRANSGROVE, Respondent.**

**SCBD No. 4383.**

Supreme Court of Oklahoma.

Sept. 29, 1998.

HODGES, Justice.

¶ 1   Laurence Alan Bransgrove, Respondent is before this Court in a summary disciplinary proceeding initiated by the Oklahoma Bar Association (OBA) which pursuant to the reciprocal disbarment provision found at Rule 7.7 of the Rules Governing Disciplinary Proceedings. Okla. Stat. tit. 5, ch. 1, app. 1–A (1991). Rule 7.7 provides:

(a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.

(b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be

transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

Thus, this provision makes disciplinary action in another jurisdiction the basis for this Court's discipline of a lawyer.

¶ 2 Respondent lives in Amarillo, Texas and was licensed to practice in Texas, Oklahoma and Kansas. He was disbarred this year in both Texas and Kansas. The OBA has filed certified copies of both orders of disbarment. In each instance, Respondent resigned pending disciplinary proceedings.

¶ 3 In its order disbarring Respondent, the Texas Supreme Court accepted his resignation and found the allegations of professional misconduct against him to be "conclusively established for all purposes." A Statement of Misconduct by the Chief Disciplinary Counsel described six pending complaints involving Respondent's neglect of matters entrusted to him, failure to communicate with clients and inform them of the status of legal matters for which he was retained, and failure to respond or to timely respond to the Chief Disciplinary Counsel. In addition, one of the complaints involved Respondent's failure to respond to discovery requests, failure to comply with court dead-

lines, and failure to honor orders compelling discovery. Another of the complaints involved Respondent's failure to forward a client's money to the court in reference to her citation for speeding.

¶ 4 Respondent also resigned his membership in the Kansas Bar pending disciplinary proceedings. The Kansas Supreme Court "examin[ed] the files of the office of the Disciplinary Administrator" which contained a complaint alleging "client abandonment during litigation, billing fraud, failure to return client files, and failure to cooperate with the disciplinary investigation." It then determined that "the surrender of respondent's license should be accepted and that respondent should be disbarred."

¶ 5 Respondent is now before this Court urging that some disciplinary action short of disbarment should be applied. He reasons that, because his resignations from the Texas and Kansas Bars were motivated in large part by his poor health, his improved health should now afford him the opportunity to refute the allegations in the Texas and Kansas complaints.[1] Respondent fails to acknowledge, however, that he was not disbarred in Texas and Kansas for being ill. Rather, he was disbarred based on the unethical acts he perpetrated upon his clients and the courts.

¶ 6 Respondent may not deny the effect of his decision not to contest the charges made against him in Texas and Kansas by arguing now that there has been no evidentiary hearing. Respondent's resignation pending disciplinary proceedings and the resulting impositions of disbarment are deemed an admission of the facts alleged. Under Rule 7.7, they constitute *"prima facie* evidence the lawyer committed the acts therein described."

¶ 7 Respondent has presented nothing which supports a claim that the findings of the Texas and Kansas Supreme Courts, adjudging him guilty of misconduct, "does not

---

1. Initially, the OBA filed only a certified copy of the Kansas disbarment. A certified copy of the Texas disbarment was submitted *after* Respondent had filed his response to this Court's order directing him to show cause why he should not be disciplined in Oklahoma. As a result, this Court provided Respondent the opportunity to specifically address the Texas disbarment. Respondent failed to file a response.

furnish sufficient grounds for discipline in Oklahoma" under Rule 7.7 Nor has Respondent offered "evidence tending to mitigate the severity of discipline" under that rule. The acts upon which Respondent stands disbarred in Texas and Kansas warrant disbarment in Oklahoma. It is so ordered.

RESPONDENT DISBARRED.

¶8 KAUGER, C.J., SUMMERS, V.C.J., SIMMS, HARGRAVE, OPALA, WILSON, WATT, JJ., concur.

¶9 LAVENDER, J., concurs in result.

