977 P.2d 1096 (1999)
1999 OK 29
STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
Joel A. HENDERSON, Respondent.
SCBD No. 4434.
Supreme Court of Oklahoma.
April 13, 1999.
*1097 Loraine D. Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Joel A. Henderson, Oklahoma City, Oklahoma, Respondent, Pro Se.
HARGRAVE, V.C.J.
¶ 1 Joel A. Henderson, OBA # 10328 was admitted to the practice of law in Oklahoma on October 6, 1983. His official roster address is listed as 1336 S.W. 24th St., Oklahoma City, OK 73108. Respondent now lives in Oklahoma City and is licensed to practice in Texas and Colorado. Respondent recently was suspended from the practice of law in Colorado for a period of three years, and is before this Court on a summary disciplinary proceeding by the Oklahoma Bar Association (OBA) pursuant to the reciprocal disciplinary provisions of Rule 7.7 of the Rules Governing Disciplinary Proceedings, Tit. 5, O.S. ch. 1, app. 1-A (1991) which provides:
"(a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.
b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline."
¶ 2 Respondent did not notify the Oklahoma Bar Association of his suspension as required by Rule 7.7[1] The grievance committee of the State of Colorado notified Complainant on January 15, 1999 that Respondent had been suspended by the Colorado Supreme Court on November 2, 1998 in Cause No. 98SA345. The Bar then instigated reciprocal proceedings in Oklahoma by filing certified copies of the Colorado Supreme Court's order of suspension with this Court. We directed the Respondent, by Order filed February 2, 1999, to show cause why an order of discipline should not be entered.
¶ 3 In his "Show Cause Reply, the Respondent submitted the Stipulation of Facts upon which the Colorado suspension was imposed. The complaints in the Colorado proceedings involved Respondent's neglect of matters entrusted to him, failure to communicate with clients and inform them of the status of legal matters for which he was retained.[2] In its order of suspension, the *1098 Colorado Supreme Court accepted the stipulation of facts and discipline.
¶ 4 Under Rule 7.7, disciplinary action in another jurisdiction forms the basis for this Court's discipline of a lawyer and, the burden of proof is on the lawyer to support his claim that the finding was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. Respondent's letter entitled "Show Cause Reply" contains no argument or citation of authority on either issue. He does not argue that the Colorado findings were not supported by the evidence  indeed, he stipulated to the facts on which discipline was imposed  and he makes no argument that the finding of the Colorado court does not furnish sufficient grounds for discipline in Oklahoma.
¶ 5 Respondent urges this Court, however, that some disciplinary action short of suspension should be imposed, or that if a period of suspension is imposed, it should be for less than the three year period of suspension imposed by the Colorado Supreme Court. He offers, in mitigation, a detailed account of the numerous personal problems plaguing him during the time period involving the complaints in Colorado. The same facts in mitigation were presented to the Colorado Supreme Court, which imposed the lesser discipline of suspension, rather than disbarment.[3] We agree with the Colorado Supreme Court that the mitigating factors in the case indicated that a three-year suspension rather than disbarment was the proper sanction. The court noted that Respondent had no previous discipline and, at the time of the misconduct, was experiencing personal and emotional problems and had demonstrated remorse.
¶ 6 The Colorado Rules of Professional Conduct are substantially similar to the Oklahoma rules. Respondent's stipulated conduct, which resulted in a three-year suspension by the Colorado Supreme Court, would form the basis for similar discipline in Oklahoma. A three-year suspension is within the range of discipline that this Court has imposed for similar violations of the Rules of Professional Conduct.[4]
¶ 7 The order suspending Respondent in Colorado is prima facie evidence that Respondent *1099 committed the acts complained of and stipulated to. Respondent narrowly escaped being disbarred in Colorado. The Colorado Supreme Court recognized that Respondent essentially had abandoned his law practice and his clients. Respondent has presented nothing that supports a claim that the findings of the Colorado Supreme Court adjudging him guilty of misconduct "does not furnish sufficient grounds for discipline in Oklahoma" under Rule 7.7, nor has he offered "evidence tending to mitigate the severity of discipline" under that rule. The acts upon which Respondent stands suspended in Colorado warrant like suspension in Oklahoma. It is so ordered.

RESPONDENT SUSPENDED FOR THREE YEARS FROM THE EFFECTIVE DATE OF THIS
¶ 8 ALL JUSTICES CONCUR.
NOTES
[1] In his "Show Cause Reply" filed in more than three months after his suspension, and in response to the February 2, 1999 Order of this Court, Respondent stated that: "In accordance with the Oklahoma Bar Rule ___, I am informing you that the state of Colorado has suspended my license to practice."
[2] The Colorado charges included:

a) Respondent filed a Chapter 7 bankruptcy petition for Susanne Johnson, but told her that he would convert it to a Chapter 13 proceeding. Respondent failed to timely do so, resulting in loss of the client's home in foreclosure. Respondent failed to attend the hearing on lender's motion for relief from the stay, which was granted. Respondent was found guilty of seriously neglecting the client's legal matter and failing to keep her informed about the case, thereby violating Colo. RPC 1.3 and 1.4(a). By filing a Chapter 7 petition rather than a Chapter 13, Respondent's representation was found to be incompetent and in violation of Colo. RPC 1.1. Finally, because Respondent's representation of Johnson in her bankruptcy was materially limited by Respondent's own interest as a creditor in collecting his attorney fees (which he failed to have discharged in bankruptcy), Respondent violated Colo. RPC 1.7(b).
b) Respondent was hired by DeAnna Spurlock to file a petition for dissolution of marriage. Respondent filed the petition, but failed to complete the proceeding and failed to keep his client adequately informed. Respondent refunded $500 to Spurlock almost one year later. Respondent stipulated that his conduct violated Colo. RPC 1.3, neglect of a legal matter, Rule 1.4(a), failing to communicate with a client, and Rule 1.16(d), failing to take reasonable steps to protect a client after terminating representation.
c) Kenneth D. Paxton retained Respondent to represent him after he was charged with DUI, which was a violation of prior deferred-sentence conditions. Respondent entered an appearance in the revocation matter, but failed to appear at the hearing. Respondent had moved to withdraw from the case four days before the hearing, misrepresenting that no court proceedings were scheduled. Respondent's conduct violated Colo. RPC 8.4(c), engaging in conduct involving misrepresentation, and Rule 8.4(d), engaging in conduct prejudicial to the administration of justice.
d) Jesse Sena retained Respondent to represent him in an action brought by a secured creditor after Sena had filed Chapter 7. Respondent filed an answer, claiming that the bankruptcy negated any liability to the creditor, but took no further action in the case. Trial was set, but Respondent did not inform his client, and the client had difficulty getting in touch with him. Neither Sena nor Respondent attended the trial and Respondent did not file a motion to withdraw, although he told the creditor's lawyer that he would no longer be representing the client. Respondent's conduct violated Colo. RPC 1.4(a), failure to communicate, Rule 1.16(d), failure to take reasonable steps to protect a client after terminating representation, and Rule 8.4(d), engaging in conduct prejudicial to the administration of justice.
[3] The Colorado Supreme Court, in its order imposing discipline, stated "For the professional misconduct in this case, it is a close question whether any period of suspension, rather than disbarment, is adequate." The opinion stated that two members of the court would have rejected the conditional admission as too lenient.
[4] See, State ex rel. Oklahoma Bar Assn. v. Houston, 1996 OK 51, 917 P.2d 469, on agreed stipulation of facts, attorney who engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, along with failure to provide competent representation, failure to act with reasonable diligence and promptness in representing a client, and failure to keep clients reasonably informed about the status of their cases, was suspended for three years.