2002 OK 81

**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION,
Complainant,**

v.

**Timothy William HEINEN, Respondent.**

No. S.C.B.D. 4757.
No. O.B.A.D. 1521.

Supreme Court of Oklahoma.

Oct. 29, 2002.

Mike Speegle, Oklahoma Bar Association, Oklahoma City, for Complainant.

Gary A. Rife and Janice M. Dansby, Rife & Walters, Oklahoma City, for Respondent.

SUMMERS, J.

¶ 1 Respondent was licensed to practice law in the State of Texas. In that State a proceeding to impose professional discipline was commenced, and he later requested that Supreme Court of Texas accept his resignation as attorney and counselor at law. The Texas court accepted the resignation. *In the Matter of Timothy William Heinen,* Misc. Docket No. 01–9044, (Texas Sup.Ct., March 22, 2001).

¶ 2 The Oklahoma Bar Association filed an application with this Court to impose professional discipline upon Respondent because of his resignation pending discipline in Texas. We issued an order to Respondent to show cause why discipline should not be imposed.

¶ 3 Respondent argues that discipline should not be imposed, and argues: 1. That he denies the allegations of misconduct of which he was accused in Texas; 2. No evidentiary hearing was made on the Texas allegations, and they "are not supported by the evidence;" 3.The Texas order does not furnish sufficient grounds for discipline under the Oklahoma rule; 4. The Texas pro-

ceeding was the first disciplinary proceeding Respondent had been subject to; 5. He paid his Texas client the amount of the disputed funds; and 6. There has been no "adjudication" of misconduct by the Texas Court. He further argues that disbarment in Oklahoma is not warranted, that the order of the Supreme Court of Texas has no preclusive effect, and that this matter should be referred to a panel of the Professional Responsibility Tribunal for an adversarial hearing.

¶ 4 The Bar seeks to impose discipline against Heinen in this Court pursuant to Rule 7.7 of the Rules Governing Disciplinary Proceedings. That rule provides that a lawyer may be professionally disciplined by this Court because of the lawyer's professional discipline by the highest court of another state or a federal court.[1] In the context of addressing Respondent's arguments we must resolve two central issues in this reciprocal disciplinary proceeding: (1) Is the Texas adjudication of professional misconduct sufficient to show professional misconduct by the respondent? and (2) What, if any, discipline is appropriate? In this regard see *State ex rel. Oklahoma Bar Association v. Patterson,* 2001 OK 51, ¶ 1, 28 P.3d 551, 553.

¶ 5 Application of Oklahoma Disciplinary Rule 7.7 requires the respondent to have been "adjudged guilty of a misconduct in a disciplinary proceeding." Was the respondent adjudged guilty of a misconduct? He argues that the Texas proceeding did not adjudicate a claim of professional misconduct, but that it was a mere judicial acceptance of a resignation, and in the nature of a judgment by consent of the parties.

---

1. 5 O.S.Supp.1992 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 7.7(b):

    "When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence

    the lawyer committed the acts therein described. The lawyer may submit a certified copy of the transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline."

## I. Sufficiency of the Texas Adjudication to Serve as Basis for Discipline

¶ 6   We are invited by Heinen to view the order of the Supreme Court of Texas as a consent judgment, and to determine its preclusive effect based upon that status. He argues that the estoppel effect of such judgments is based upon the intent of the parties, and that he did not have the intent for his resignation in Texas to determine issues in an Oklahoma disciplinary proceeding.

██  ¶ 7   We need not discuss consent judgments and when they may, or may not, be used for claim or issue preclusion.[2]  We have explained that we are not required, in the context of a non-civil and *sui generis* disciplinary proceeding, to give preclusive effect to an order of a sister-state court imposing professional discipline.  *State ex rel. Oklahoma Bar Association v. Patterson*, 2001 OK 51, ¶ 6, 28 P.3d 551, 554–555.  But because of our reciprocal disciplinary rule, neither do we ignore the sister-state proceeding.  Facts that resulted in the imposition of discipline in the sister-state jurisdiction are not relitigated, "but only reviewed within the context of the evidence previously presented in the other jurisdiction." *Id.* at ¶ 6, 28 P.3d at 555.  The evidence in this Texas proceeding were allegations of misconduct that became conclusively established because of Heinen's failure to challenge them.

¶ 8   The Texas Rules of Disciplinary Procedure provide that after a respondent has submitted a motion for resignation in lieu of disciplinary action, the Chief Disciplinary Counsel files a response that includes a detailed statement of the lawyer's misconduct, and if that lawyer does not then withdraw his motion, the detailed statement of Professional Misconduct is deemed to have been conclusively established for all purposes.

The Chief Disciplinary Counsel shall, within twenty days after service upon him or her of a motion for resignation in lieu of Disciplinary Action, file a response on behalf of the State Bar (acting through the Commission) stating whether the acceptance of the resignation is in the best interest of the public and the profession and setting forth a detailed statement of the Professional Misconduct with which the movant is charged.  The movant may, within ten days after service of such response, withdraw the motion.  If a motion to withdraw is not timely filed, *the detailed statement of Professional Misconduct shall be deemed to have been conclusively established for all purposes.*  (Emphasis added.)

Texas Rules of Disciplinary Procedure, Rule10.02, *reprinted in,* Tex. Gov't Code, tit. 2, subtit. G app. A–1, (Vernon 1998).

██  ¶ 9   In our case today the order of the Texas Supreme Court canceled respondent's bar license, and in accepting his resignation stated that "the Court considers the detailed statement of professional misconduct contained within the Response of Chief Disciplinary Counsel to be deemed conclusively established for all purposes." *In the Matter of Timothy William Heinen,* Misc. Docket No. 01–9044, Slip Op. at p. 1. (Tex.Sup.Ct., March 22, 2001). That response is part of the record in this proceeding, and it contains the following:

Complainant [client] hired Respondent [Heinen] in November 1994 to negotiate a settlement for injuries Complainant sustained in an automobile accident.

Respondent subsequently negotiated a settlement with the insurance company but failed to notify Complainant [client] or Complainant's medical providers of the settlement.  Respondent endorsed the check on behalf of himself and Complainant [client] and cashed the check at Respondent's bank.

Respondent failed to place the settlement proceeds in his trust account, failed to provide Complainant [client] with a settlement sheet showing the amount of the settlement and the disbursements to be made from the settlement proceeds, failed to disburse to Complainant [client] the portion of the settlement proceeds belonging to Complainant [client], and failed to dis-

---

2.  *See, e.g., Boatsman v. Boatsman,* 1984 OK 74, 697 P.2d 516, 519; *Cobb v. Killingsworth,* 1920 OK 61, 187 P. 477, 479; *Dickason v. Dickason,* 1980 OK 24, n. 6, 607 P.2d 674, 677; *Kirkpatrick v. Chrysler Corp.,* 1996 OK 136, 920 P.2d 122, 130; Annot., *Modern View Of State Courts As To Whether Consent Judgment Is Entitled To Res Judicata Or Collateral Estoppel Effect,* 91 A.L.R.3d 1170 (1979).

burse to Complainant's [client's] medical providers the share of proceeds belonging to the providers.

Respondent kept the settlement funds for his personal use.

Response of Chief Disciplinary Counsel, at 1–2.

¶ 10 The Texas Supreme Court treated the statement of the Chief Disciplinary Counsel as a stipulation or admission by Heinen due to his failure to withdraw his motion for resignation after the statement was filed. Texas jurisprudence recognizes a stipulation of fact on the record to be an agreement, admission, or concession made in a judicial proceeding, and if not modified by the trial court, binding upon the party making the stipulation, as well as any appellate court reviewing the record.[3] Stipulations are used in Texas bar disciplinary proceedings, but they must be submitted to the trier of fact determining the matter. *State Bar of Texas v. Grossenbacher,* 781 S.W.2d 736 (Tex. App.—San Antonio, 1989). Stipulations, agreements, or concessions are "used to fix, limit or modify the issues to be tried," and as such they "enjoy equal dignity with judicial admissions, which eliminate an adversary's necessity of proof and establish the admitted elements as a matter of law." *Perry v. Brooks,* 808 S.W.2d 227, 229 (Tex.App.Houston [14th Dist.] 1991). The stipulation or admission makes the fact "conclusively established" so that evidence on that fact is not necessary. *Daly v. River Oaks Place Council of Co–Owners,* 59 S.W.3d 416, 418 (Tex.App.Houston [1 Dist.] 2001); *Horizon/CMS Healthcare Corporation v. Auld,* 34 S.W.3d 887, 905 (Tex.2000). The Texas Supreme Court used Heinen's agreement by acquiescence in the filed statement of misconduct as an agreement as to the facts of the misconduct, and those facts were thus "conclusively established."

¶ 11 Heinen also argues that the Texas court **deemed** the facts to be conclusively established, and that this judicial act of **deeming** is something less than an actual adjudication of those facts so as to weaken the language stating that the misconduct was conclusively established. This argument is without merit. The use of the word "deem" in Heinen's order is consistent with how courts in Texas describe stipulations and admissions in civil proceedings.[4] In civil proceedings the admission or stipulation may, in some circumstances, be withdrawn, as the Texas disciplinary rule allowed for Heinen's resignation to be withdrawn, but with both the bar resignation specifically and admissions generally, without the withdrawal the admissions are "deemed admitted" and the facts therein conclusively established.[5]

¶ 12 Heinen argues that he did not possess an opportunity and incentive to litigate the disciplinary proceeding in the Texas court because he had decided to longer practice law in Texas. Our use of the fact of Heinen's misconduct as established by a Texas court must be based upon Heinen having possessed a full and fair opportunity to litigate that question in the Texas court. *See, Nealis v. Baird,* 1999 OK 98, ¶ 51, 996 P.2d 438, 458. Heinen was notified of the finding of the Texas investigatory panel, its recommendation of restitution to this client, and an offer of the sanction of resignation. He had notice of the Texas proceedings and a fair

---

3. *See, e.g., Berg v. AMF Inc.,* 29 S.W.3d 212, n. 4, 221 (Tex.App.—Houston [14th Dist.] 2000), (defining stipulation and its effect); *Guerrero v. Smith,* 864 S.W.2d 797, 801 (Tex.App.—Houston [14th Dist.] 1993), (stating effect of stipulation).

4. *See, e.g., In re Kellogg–Brown & Root, Inc.,* 45 S.W.3d 772, 777 (Tex.App.-Tyler, 2001), ("A matter that is 'deemed admitted' is conclusively established against the admitting party unless the court permits withdrawal or amendment of the admission."); *Continental Carbon Co. v. Sea–Land Service, Inc.,* 27 S.W.3d 184, 190 (Tex.App.-Dallas, 2000, pet.denied), ("Therefore, the matters addressed in Sea–Land's request for admissions are deemed admitted and conclusively established as to Continental."); *Spiecker v. Petroff,*

971 S.W.2d 536, 538 (Tex.App.Dallas 1997), ("The consequence of 'deemed admissions' is that the matters are conclusively established as to the admitting party unless the court, on motion, permits withdrawal or amendment of the admissions."); *Burden v. John Watson Landscape Illumination, Inc.,* 896 S.W.2d 253, 255 (Tex.App.Eastland, 1995, writ denied), (same); *Ruiz v. Nicolas Trevino Forwarding Agency, Inc.,* 888 S.W.2d 86, 89 (Tex.App.San Antonio, 1994), ("When admissions are deemed, the matters are conclusively established against the admitting party unless the court, on motion, permits withdrawal or amendment of the admissions.").

5. See authority cited in note 4, *supra.*

opportunity to litigate the fact of the misconduct in Texas.

¶ 13 At the time of the Texas proceedings, February 2001, Oklahoma had a reciprocal disciplinary rule on its law books. See 5 O.S.Ann. Ch. 12, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 7.7, showing the reciprocal disciplinary rule in the form it has existed since 1992. Further, this Court has published bar disciplinary opinions that involve reciprocal discipline.[6] One of these published cases, *State ex rel. Oklahoma Bar Association v. Bransgrove,* 1998 OK 93, ¶ 1, 976 P.2d 540, involved a lawyer's resignation in Texas. Heinen cannot now reasonably contend that he lacked an incentive to litigate the issue in Texas and merely acquiesced in a bar resignation when one of our published opinions disciplined a lawyer based upon a resignation in Texas. Heinen's argument that he had no incentive to litigate the issue in Texas is without merit.

■ ¶ 14 In Texas "sanctions" are imposed for "professional misconduct" of an attorney.[7] The definition of a "sanction" in the disciplinary rules of the Texas State Bar includes a "resignation in lieu of disbarment". Texas Rules of Disciplinary Procedure, Rule 1.06, *reprinted in,* Tex. Gov't Code, tit. 2, subtit. G app. A–1, (Vernon 1998). In *Neely v. Commission for Lawyer Discipline,* 976 S.W.2d 824 (Tex.App.—Houston [1st Dist.] 1998, no. pet.), the court stated that: "The Rules of Disciplinary Procedure allow as **sanctions:** disbarment, **resignation in lieu of disbarment,** suspension, probation of suspension, reprimand, restitution, and payment of attorneys' fees and costs." *Id.* at 828, emphasis added. We further note that in Texas the same process is used for readmis-

sion after a disbarment and a resignation in lieu of disciplinary action.[8] The Texas Supreme Court has stated that canceling a lawyer's professional license pending discipline is tantamount to an order for disbarment for the purpose of a subsequent petition for reinstatement. *In re Pena,* 511 S.W.2d 931, 932 (Tex.1974). A resignation in lieu of disciplinary action is a sanction imposed in Texas for professional misconduct. Heinen thus received a sanction for professional misconduct.

¶ 15 Finally, in *State ex rel. Oklahoma Bar Association v. Bransgrove,* 1998 OK 93, 976 P.2d 540, we concluded that the lawyer in that case could not argue that the absence of an evidentiary hearing in a Texas resignation proceeding precluded reciprocal discipline in Oklahoma, and that admission of the facts alleged in a Texas resignation proceeding was sufficient for the imposition of reciprocal discipline in Oklahoma. *Id.* 1998 OK 93, at ¶¶ 6–7, 976 P.2d at 541–542. None of Heinen's arguments successfully challenge those conclusions. We conclude that the Texas adjudication is sufficient to show professional misconduct.

## II. The Appropriate Discipline

■ ¶ 16 Heinen requests that we remand the matter to the Professional Responsibility Tribunal (PRT) for an adversarial proceeding. He requests a hearing for an exploration of his conduct and an opportunity to raise defenses and explanations. He further claims an opportunity "to refute Valencia's [his client's] allegations in an adversary proceeding before the Professional Responsibility Tribunal."

¶ 17 Rule 7.7(b) expressly provides that a respondent may submit a certified copy of

---

**6.** *See, e.g., State ex rel. Oklahoma Bar Association v. Henderson,* 1999 OK 29, ¶ 4, 977 P.2d 1096, (lawyer suspended for three years in Colorado); *State ex rel. Oklahoma Bar Association v. Bransgrove,* 1998 OK 93, ¶ 1, 976 P.2d 540, (lawyer's resignations from Texas bar and Kansas bar); *State ex rel. Oklahoma Bar Association v. Rehberger,* 1998 OK 38, ¶ 2, 981 P.2d 308, (disbarment in Georgia and Missouri).

**7.** Texas Rules of Disciplinary Procedure, Rules 1.06 & 3.09, *reprinted in,* Tex. Gov't Code, tit. 2, subtit. G app. A–1, (Vernon 1998). *See also, Skelton v. Commission for Lawyer Discipline,* 56 S.W.3d 687, 693—694 (Tex.App.—Houston, [14th Dist.] 2001), (citing Rule 3.09); *Brown v. Com-*

*mission for Lawyer Discipline,* 980 S.W.2d 675, 683 (Tex.App.—San Antonio, 1998, no pet.), (stating principle and citing Rule 3.09).

**8.** *Board of Law Examiners of State of Tex. v. Gabriel,* 953 S.W.2d 227, 228 (Tex.1997). *See also,* Texas Rules of Disciplinary Procedure, Rule 11.01, *reprinted in,* Tex. Gov't Code, tit. 2, subtit. G app. A–1, (Vernon 1998), ("A disbarred person or a person who has resigned in lieu of Disciplinary Action may, at any time after the expiration of five years from the date of final judgment of disbarment or the date of Supreme Court order accepting resignation in lieu of Disciplinary Action, petition the district court of the county of his or her residence for reinstatement; ...").

the transcript of evidence of the trial tribunal from the other jurisdiction. A respondent may also submit a brief and any evidence for the purpose of mitigating the degree of discipline. Heinen's request for a remand may be construed, in part, as an opportunity to submit such evidence.

¶18 We remand the matter to the PRT, but not for an inquiry into whether Heinen committed professional misconduct. In *State ex rel. Oklahoma Bar Association v. Patterson*, 2001 OK 51, 28 P.3d 551, we said that "the facts that resulted in the imposition of discipline by the other jurisdiction cannot be relitigated, but only reviewed within the context of the evidence previously presented in the other jurisdiction." *Id.* at ¶6, 28 P.3d at 555. Upon remand "the range of permissible inquiry in a reciprocal disciplinary proceeding stands confined to issues that are ger-

mane to the mitigation or severity of the bar disciplinary sanction which is to be visited upon the respondent." *Id.* at ¶7. We thus remand the matter to the PRT to allow Heinen and the Bar Association to submit any evidence they desire on the issue of the appropriate discipline to be imposed upon respondent.

## III. Interim Suspension and Conclusion

■ ¶19 The Bar Association requests that the Court impose an interim suspension upon Heinen in the event we remand the matter to the PRT. This Court has imposed interim suspensions. *See, e.g., State ex rel. Oklahoma Bar Association v. Gasaway*, 1992 OK 120, 867 P.2d 438. Rule 6.2A of the Rules Governing Disciplinary Proceedings provides a procedure for the Bar Association to seek an interim suspension.[9] This Rule

---

9. 5 O.S.2002 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 6.2A. Emergency Interim Suspension Orders and Related Relief.

(1) Verified Complaint and Service.

The General Counsel, with the concurrence of the chairperson or vicechairperson of the Professional Responsibility Commission, upon receipt of sufficient evidence demonstrating that a lawyer subject to these Rules has committed conduct in violation of the Oklahoma Rules of Professional Conduct, or is personally incapable of practicing law as set forth in Rule 10 hereof, and where such conduct poses an immediate threat of substantial and irreparable public harm, may file a verified complaint in accordance with Rule 6 hereof requesting interim suspension and other appropriate relief. A copy of the complaint shall be served personally or by certified mail, return receipt requested, upon the respondent by General Counsel; provided that, if a respondent refuses to sign for, or otherwise does not claim the certified mail, then the General Counsel may serve the complaint and any further papers, notices and orders in accordance with Rule 13.1 hereof.

(2) Immediate Interim Suspension.

(a) Upon filing of the verified complaint, the Court may issue an order directing the respondent to object and show cause within ten (10) days why such order of interim suspension should not be entered.

(b) In the event such an objection is timely filed, the matter shall be set for hearing at the earliest possible time. Such hearing may be before the Court, any Justice thereof, or the Court may refer the matter to the Professional Responsibility Tribunal for hearing and recommendations.

(3) Related Relief.

(a) Any order of interim suspension may include such other orders to the respondent as may be necessary to preserve and recover funds and

other property of respondent's clients or other persons, and the Court may, upon its own motion or upon application of the General Counsel, issue an order authorizing the General Counsel to initiate civil proceedings in the appropriate court to obtain an order to preserve any such funds maintained in a financial institution or elsewhere.

(b) In the event that the respondent does not file an objection to the order as set forth in Rule 6.2A(b) above, or in the event that such an objection is timely filed, but, after hearing on the matter, the order is entered, and the Court may, upon its own motion or upon application of the General Counsel:

(i) require the respondent to give written notices to affected clients and otherwise comply with Rule 9.1 hereof within ten (10) days of the hearing or, where no timely objection to the order was filed, within ten (10) days of the expiration of the time for filing such an objection; and/or

(ii) issue an order requiring the appointment of an attorney(s) to wind up the respondent's business in accordance with Rule 9.3 hereof.

(4) Further Proceedings Accelerated.

Disposition. In addition to the above, the respondent shall file an answer to the complaint with the Chief Justice pursuant to Rule 6.4, and, except as provided above, all proceedings thereafter shall be conducted in accordance with the Rules Governing Disciplinary Proceedings where no interim suspension is sought; provided that, the respondent may include in his/her answer a request for accelerated disposition, and, thereafter, the entire proceedings shall be concluded by the Professional Responsibility Tribunal and the Court without appreciable delay.

requires the Bar Association to allege that a lawyer committed conduct in violation of the Oklahoma Rules of Professional Conduct, or is personally incapable of practicing law as set forth in Rule 10 hereof, and that such conduct poses an immediate threat of substantial and irreparable public harm.

¶ 20 The Bar Association's request for an interim suspension does not contain any allegations relating to Heinen's current practice of law in Oklahoma, and thus contains no allegations that his conduct imposes an immediate threat of substantial and irreparable public harm. The request of the Bar Association to impose an interim suspension upon Heinen is denied.

¶ 21 The proceeding is remanded to the Professional Responsibility Tribunal for the purpose of a hearing on the issue of the appropriate discipline to be imposed in this matter. The PRT shall file with this Court a report with its recommendation for discipline.

¶ 22 HARGRAVE, HODGES, LAVENDER, KAUGER, BOUDREAU, WINCHESTER, JJ.—Concur.

¶ 23 WATT, V.C.J., OPALA, J.—Concur in result.

OPALA, J., concurring in result.

¶ 1 I cannot join the court's pronouncement. It does not explicitly exclude from the range of permissible inquiry—at the evidentiary hearing to be conducted by the PRT panel—the nature and degree of Heinen's culpability, if any there was, in the transaction for the involvement in which he was to have been disciplined in Texas just before his resignation from the Bar of that State. I would have placed Heinen's culpability *vel non* **clearly beyond the reach of the panel's inquiry. Its exclusive focus should be** on matters relevant to **mitigation and aggravation of the discipline** to be imposed. To do less than I counsel today is to **invite both parties to relitigate** *ad nauseam* Heinen's Texas bar difficulty in a new-found forum.