2003 OK 36

**STATE of Oklahoma ex rel. Oklahoma Bar Association, Complainant,**

v.

**Timothy William HEINEN, Respondent.**

No. 4757, 1521.

Supreme Court of Oklahoma.

April 1, 2003.

¶ 0 **ORDER APPROVING RESIGNA-TION PENDING DISCIPLINARY PROCEEDINGS.**

¶ 1 Upon consideration of the Oklahoma Bar Association's application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2001 Ch. 1, App. 1–A) for an order approving the resignation of the respondent, Timothy William Heinen, pending disciplinary proceedings, the application and affidavit of resignation disclose the following.

¶ 2 On February 26, 2003, the respondent filed his with this Court his affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.

¶ 3 The affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) Respondent was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The Respondent's affidavit notes the disciplinary proceeding against him filed on the docket of this Court. That matter involves a request from the Bar Association to impose discipline on the basis of Respondent's resignation in lieu of disciplinary action in Texas. This Court previously sent that matter to a trial panel of the Professional Responsibility Tribunal for a hearing on the appropriate discipline. *State ex rel. Oklahoma Bar Association v. Heinen,* 2002 OK 81, 60 P.3d 1018.

¶ 5 Respondent states in his affidavit the following grievances pending before the Bar Association:

"(a) DC 01–389. A grievance was lodged with the Office of the General Counsel on October 29, 2001, which alleges I improperly purchased accident information to utilize in advertisements which were sent to prospective clients.

(b) DC 02–252. A grievance was lodged with the Office of the General Counsel on July 9, 2002, which alleges that I resigned my Texas License under allegations of fraud, theft, and forgery.

(c) DC 03–2. A grievance was lodged with the Office of the General Counsel on January 10, 2003, which alleges I endorsed a doctor's name on the back of a settlement check and did not pay the

client/patient's bill. I have failed to file a response pursuant to Rule 5.2, RGDP.

(d) DC 03–3. A grievance was lodged with the Office of the General Counsel on December 10, 2002, which alleges I neglected to respond to a specific client, and ignored a request from the General Counsel's office for communication. I have failed to file a response pursuant to Rule 5.2, RGDP.

(e) DC 03–4. A grievance was lodged with the Office of the General Counsel on December 23, 2002, which alleges I endorsed a company's name on settlement checks without their authorization and refused to pay the client/patient's bills. I have failed to file a response pursuant to Rule 5.2 RGDP."

¶ 6 The affidavit of resignation states that the Respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of Rules, 1.3, 1.4, 5.2, and 7.7 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, and 8.4 of the Rules of Professional Conduct, 5 O.S. 2001 Ch.1, App. 3–A.

¶ 7 Respondent states that he is aware of the requirements of Rule 9.1 of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 8 He states that he is aware that he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* 5 O.S. 2001 Ch. 1, App. 1–A, Rule 8.2, Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, 19 P.3d 289; *In re Reinstatement of Hird,* 2001 OK 28, 21 P.3d 1043.

¶ 9 He further states that he is aware that the Clients' Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Clients' Security Fund for claims against him. *See* 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings. We have required payment of interest at the statutory rate for repayment to he Client's Security Fund. *State ex rel. Oklahoma Bar Association v. Glover,* 2002 OK 54, ¶ 4, 49 P.3d 738.

¶ 10 The Application for Order Approving Resignation states that the Oklahoma Bar Association has waived the costs in this proceeding.

¶ 11 The official roster name and address of the respondent is Timothy William Heinen, O.B.A. No. 15,784, 2250 E. 73rd St. Ste. 400, Tulsa, OK 74136.

¶ 12 IT IS THEREFORE ORDERED that the Application by the Bar Association and Heinen's offer of resignation be approved.

¶ 13 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys, and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 14 IT IS FURTHER ORDERED that if any funds of the Clients' Security Fund of the Oklahoma Bar Association are expended on behalf of Respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 15 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 1st DAY OF APRIL, 2003.

¶ 16 ALL JUSTICES CONCUR.