**George R. NEELY, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

**No. 01–98–00034–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 18, 1998.

appears in the record.

---

**2.** Appellees objected to the admission of the arbitrator's opinion, but no ruling on that objection

Warren W. Harris, Michael Kuhn, Houston, for Appellant.

Luis Andy Paredes, Houston, Linda A. Acevedo, Austin, Scott Rothenberg, Bellaire, for Appellee.

Before MIRABAL, HEDGES and ANDELL, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a summary judgment granted in favor of appellee, the Commission for Lawyer Discipline (the Commission), which resulted in appellant, George R. Neely, being suspended from the practice of law for three years and paying attorney's fees and costs. We reverse and remand.

## FACTUAL BACKGROUND

The Commission alleged that certain of Neely's actions taken in a divorce proceeding constituted a violation of the Texas Disciplinary Rules of Professional Conduct (the Disciplinary Rules).[1]

**The Divorce Proceeding**

Neely represented Peggy Ann Glass in her divorce case (the *Glass* case). In August 1990, the *Glass* court signed an agreed decree of divorce. In September 1990, Neely filed a motion for new trial, a first amended original petition for divorce, a motion for sanctions and order for contempt, and an amendment and supplements to the motion for new trial. Dale Glass moved to strike the pleadings and asked for sanctions.

The presiding judge in the *Glass* case held a hearing in October 1990, and sanctioned both Neely and Peggy Glass under Texas Rule of Civil Procedure 13 for filing groundless pleadings. The court imposed a $64,600 monetary sanction against Neely and Peggy Glass, jointly and severally. The court also enjoined Peggy Glass from filing any more pleadings in any court in Texas until the monetary sanction was paid in full.

Neely and Peggy Glass appealed the sanctions order to the Texarkana Court of Appeals. The Texarkana court held that (1) the prohibition against court proceedings was unconstitutional; (2) Peggy Glass should not be sanctioned for her attorney's conduct; (3) attorney's fees may be awarded as sanctions even absent evidence that they are reasonable and necessary; and (4) based on the evidence, the trial court abused its discretion

by awarding excessive attorney's fees. *Glass v. Glass*, 826 S.W.2d 683, 684–85 (Tex.App.—Texarkana 1992, writ denied). The Texarkana court set aside the judgment against Peggy Glass and modified the remainder of the judgment to eliminate the excessive attorney's fees and the additional monetary sanctions. *Id.*

Neely unsuccessfully attempted to discharge the sanctions in personal bankruptcies. The sanctions have not yet been paid.

**Commission's Allegation of Violation of the Disciplinary Rules**

In February 1993, Neely's conduct in the *Glass* case was brought to the attention of the Commission. In July 1994, a state bar grievance committee proposed that Neely receive a public reprimand for violation of rule 3.01 of the Disciplinary Rules. The grievance committee was unable to negotiate a sanction, and Neely elected a trial de novo in district court pursuant to rules 2.13 and 2.14 of the Texas Rules of Disciplinary Procedure.[2]

The Commission filed a disciplinary petition in November 1995 alleging that Neely's actions in the *Glass* case violated Disciplinary Rules 3.01 and 8.04. Neely demanded a jury trial. In June 1997, the Commission filed a motion for partial summary judgment on its entire claim of professional misconduct, leaving the issue of sanctions for future determination. The Commission relied upon offensive collateral estoppel and asserted that the findings of fact and conclusions of law from the *Glass* case established, as a matter of law, that Neely violated Disciplinary Rules 3.01, 8.04(a)(1), (a)(3), (a)(4), and (a)(12).

The only summary judgment evidence offered by the Commission was a certified copy of its disciplinary petition, a certified copy of the findings of fact and conclusions of law from the sanctions hearing in the *Glass* case, and a copy of the Texarkana Court of Appeals's opinion. The pleadings and judgment from the *Glass* case, the postjudgment plead-

---

**1.** Tex. Disciplinary R. Prof'l Conduct 3.01 & 8.04(a)(1), (3), (4), (12), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp.1998) (Tex. State Bar R. art. X, § 9).

**2.** *Reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A–1 (Vernon Supp.1998).

ings filed by Neely in the *Glass* case, the motion for sanctions, and the sanctions order were not offered as summary judgment evidence. Neely objected to the Commission's summary judgment evidence, but the court did not rule on his objections.

In August 1997, the court granted the Commission's motion for summary judgment, finding Neely guilty of violating Disciplinary Rules 3.01 and 8.04(a)(1), (3), (4), and (12). The court later heard evidence on the sanctions to be imposed. In September 1997, the court suspended Neely from the practice of law for three years, the first 18 months being active suspension and the remaining 18 months being probated. As a condition of probation, Neely was ordered to pay $32,150 in restitution to two law firms as the sanctions from the *Glass* case. He was also ordered to pay the Commission $2,800 in attorney's fees and costs of court.

On appeal, Neely presents three issues for our consideration: (1) whether the trial court erred in granting summary judgment in the Commission's favor; (2) whether the Commission, relying solely on the prior rule 13 sanctions, can discipline an attorney without allowing the attorney to litigate in a trial de novo whether he should be sanctioned; and (3) whether the Commission can use an attorney disciplinary proceeding to collect a money judgment for a private party where there has been no misapplication of funds. We turn first to Neely's second issue.

## WAS THE APPLICATION OF COLLATERAL ESTOPPEL APPROPRIATE?

 The doctrine of collateral estoppel is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues. *Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994). A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *Id.* Strict mutuality of parties is no longer required. *Id.* It is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Id.* at 802.

This case involves the use of collateral estoppel *offensively*. The Commission, as plaintiff below, used collateral estoppel to foreclose Neely, the defendant below, from litigating an issue he had (allegedly) previously litigated unsuccessfully in an action with another party. Neely asserts that to allow the Commission to use a finding of a violation of Tex.R. Civ. P. 13 offensively in an attorney disciplinary proceeding automatically subjects an attorney to discipline, including the possibility of suspension or disbarment, after only an evidentiary hearing on a motion for sanctions. There are significant differences between a rule 13 sanctions hearing and a trial on the issue of whether an attorney has violated the Disciplinary Rules, even when the attorney's conduct that precipitated the sanctions hearing underlie the disciplinary proceeding. The quality and extensiveness of the procedures followed by the two courts in determining the appropriate sanctions are different as well. In considering the appropriateness of allowing collateral estoppel to be used offensively, we must examine the nature of the two proceedings, the issues considered by the two courts, and the different consequences of a determination that sanctions should be imposed.

### A Rule 13 Sanctions Hearing

Rule 13 authorizes the imposition of sanctions against an attorney, a represented party, or both, who files a pleading that is both groundless and brought in bad faith or to harass. TEX.R. CIV. P. 13. Rule 13 defines "groundless" as having no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *Id.*

 Before a trial court may impose sanctions under rule 13, it must hold an evidentiary hearing. TEX.R. CIV. P. 13; *Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex. App.—Fort Worth 1995, orig. proceeding). There is no right to a trial by jury on the issue of whether rule 13 has been violated. *Brantley v. Etter*, 662 S.W.2d 752, 756 (Tex.

App.—San Antonio 1983) (determining that complaint regarding lack of jury at hearing on motion for sanctions had no merit), *writ ref'd per curiam*, 677 S.W.2d 503, 504 (Tex. 1984); *cf. Union Pac. Fuels, Inc. v. Johnson*, 909 S.W.2d 130, 135 (Tex.App.—Houston [14th Dist.] 1995, no writ) (holding that a party is not entitled to a jury trial on fact issues arising from preliminary motions and pleas that do not involve the merits or ultimate dispositions of a case).

■■■ When determining whether sanctions are. appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Woodward v. Jaster*, 933 S.W.2d 777, 782 (Tex.App.—Austin 1996, no writ); *New York Underwriters Ins. Co. v. State Farm Mutual Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex.App.—Dallas 1993, no writ). Rule 13 requires sanctions based on the acts or omissions of the represented party or counsel, and not merely on the legal merit of the pleading. *New York Underwriters*, 856 S.W.2d at 205. The trial court must hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the groundless petition. *Id.*

Upon determining that rule 13 has been violated, the trial court may impose an appropriate sanction available under Tex.R. Civ. P. 215(2)(b)(1)-(8). Rule 215(2)(b) provides a variety of sanctions that the court may impose, ranging from disallowing discovery and charging of costs to striking of pleadings in part or in whole and rendering a default judgment against the disobedient party. Tex.R. Civ. P. 215(2)(b)(1)-(8). This rule does not provide for suspension or disbarment of the offending attorney.

## A Disciplinary Action for Professional Misconduct

The Rules of Disciplinary Procedure establish the procedures to be used in the professional disciplinary and disability system for attorneys in Texas. Tex.R. Disciplinary P. 1.02. An attorney is subject to disciplinary action for professional misconduct, which includes acts or omissions that violate one or more of the Disciplinary Rules. Tex.R. Disciplinary P. 1.06(Q)(1). In a disciplinary action, the attorney has the right to a jury trial upon timely payment of the required fee and compliance with the provisions of Texas Rule of Civil Procedure 216. Tex.R. Disciplinary P. 3.06. In its discretion, the trial court may hold a separate evidentiary hearing on the appropriate sanction to be imposed. Tex.R. Disciplinary P. 3.10.

In determining the appropriate sanction for attorney misconduct, a trial court must consider the nature and degree of the sanctioned misconduct, the seriousness of the misconduct and the surrounding circumstances, the loss or damage to clients, the damage to the profession, the assurance that future clients will be insulated from this type of professional misconduct, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the attorney's conduct during the course of the committee action, the trial of the case, and other relevant evidence concerning the attorney's personal and professional background. Tex.R. Disciplinary P. 3.10; *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex.1994). The Rules of Disciplinary Procedure allow as sanctions: disbarment, resignation in lieu of disbarment, suspension, probation of suspension, reprimand, restitution, and payment of attorneys' fees and costs. Tex.R. Disciplinary P. 1.06(T).

## The Application of Collateral Estoppel Was Inappropriate

The Commission refers us to *In re Humphreys*, 880 S.W.2d 402 (Tex.1994) and *Sanchez v. Board of Disciplinary Appeals*, 877 S.W.2d 751 (Tex.1994), for the proposition that Neely does not have the right to a jury trial because all factual issues regarding his misconduct were decided in the *Glass* sanctions hearing. Both *Humphreys* and *Sanchez* involved the rules governing compulsory discipline under which an attorney convicted of an intentional crime can be disbarred or suspended from the practice of law without a trial. *Humphreys*, 880 S.W.2d at 404 (holding that a jury trial is not statutorily required in mandatory disbarment proceedings); *Sanchez*, 877 S.W.2d at 752 (rejecting argument that mandatory disbarment violated right to trial by jury). The differences

between mandatory disbarment resulting from conviction of an intentional crime and disciplinary proceedings arising from professional misconduct are obvious. We are unpersuaded that collateral estoppel can be used in this context.

Because of the differences in the factors to be considered in the two proceedings, an attorney faced with a rule 13 motion for sanctions is motivated by different concerns than when faced with the possible loss of his or her livelihood in a disciplinary action. Further, applying collateral estoppel here does not serve the purpose of conserving judicial resources because the factors a court is required to consider under TEX.R. DISCIPLINARY P. 3.10 are far more extensive than those considered under TEX.R. CIV. P. 13. We, therefore, find that the trial court abused its discretion in applying the doctrine of collateral estoppel. Accordingly, we do not address the other issues presented by Neely.

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion. Pursuant to Neely's request, the right to file a motion for rehearing is denied. *See* TEX.R.APP. P. 28.1.