Opinion issued December 9, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00091-CV




HARPREET KANG AND RAJINDER K. KANG, Appellants

V.

BARBARA KEEN AND REAL ESTATE CHAMPIONS, Appellees




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2001-2847




MEMORANDUM OPINION
          This is an appeal from a summary judgment granted in a suit arising out of the
sale of a house. Appellants, Harpreet and Rajinder Kang, filed suit against appellees,
Real Estate Champions and Barbara Keen (collectively, “Champions”), a real estate
company and its agent, alleging that Champions, knew of, or conspired to remove,
allegedly expensive fixtures from a house that the Kangs purchased in “as is”
condition.


 The trial court granted summary judgment in favor of Champions and
awarded Champions $25,000 in attorney’s fees after finding that the Kangs’ suit was
groundless and brought in bad faith. In two issues, the Kangs contend that the trial
court erred in (1) granting Champions’ traditional motion for summary judgment and
(2) awarding Champions attorney’s fees. We affirm.
BACKGROUND
          The Kangs’ petition alleges that on December 15, 1998, the Kangs viewed a
house located at 7415 Naramore Street in Spring, Texas, and executed an earnest
money contract on the house that same day. The Kangs had the house inspected on
January 13, 1999, and closed on the house on January 14, 1999. The Kangs further
allege that, on January 17, 1999, they returned to the house for the first time since the
closing and noticed that “multiple high quality and expensive fixtures had been either
completely removed or had been replaced with fixtures of a drastically lesser quality.”
          On January 12, 2001, the Kangs filed suit against Champions alleging
“negligence, malice, fraud, theft, conspiracy to commit theft, breach of contract,
breach of fiduciary dut, and violations of the Texas Deceptive Trade Practices Act
and § 27.01 of the Business & Commerce Cody[.]”
          Champions filed a counterclaim, asserting that the Kangs’ pleadings were
brought in bad faith and for the purposes of harassment. Champions sought
attorney’s fees and costs under rules 13 and 215-2(b) of the Texas Rules of Civil
Procedure and section 17.50(c) of the Texas Business and Commerce Code.
          On April 5, 2002, the Kangs’ attorney filed a motion to withdraw, which the
trial court granted.
          Two months later, on June 6, 2002, Champions filed a motion for summary
judgment. The Kangs were provided notice of the summary judgment hearing, but
did not file a response to the motion for summary judgment, appear at the hearing, or
request a continuance to obtain counsel. On July 9, 2002, the trial court granted
Champions’ motion for summary judgment.
          Twenty days later, the Kangs, having obtained new counsel, filed a motion for
new trial, which the trial court denied.
          On September 6, 2002, the trial court held a bench trial on Champions’
counterclaim for attorney’s fees under section 17.50(c) of the DTPA.
          On September 20, 2002, the Kangs filed an amended petition, which asserted
the same claims against Champions that had been disposed of by the earlier summary
judgment, but also added an identical claim against another real estate agent, Jagjit
Singh Thandi.
          Champions moved to strike the amended petition and for the imposition of
Rule 13 sanctions. On November 11, 2002, the sanctions issue was called to trial. 
The parties announced that they had agreed to an amount of attorney’s fees, subject
to the Kangs’ right to appeal the trial court’s granting of summary judgment and
determination that attorney’s fees were appropriate.
          On December 30, 2002, the trial court signed a final judgment (1) ordering that
the Kangs take nothing on their claims against Champions; (2) finding that “[t]he
filing of the Amended Petition was done with knowledge of the court’s prior finding
that the claims were groundless”; and (3) awarding Champions $25,000 in attorney’s
fees, plus post-judgment interest, for expenses occurred in “defending [the Kangs’]
groundless claims brought in bad faith.” This appeal followed.
PROPRIETY OF THE SUMMARY JUDGMENT
          In their first issue, the Kangs contend that the trial court erred in granting
Champions’ traditional motion for summary judgment. Traditional summary
judgment under rule 166a(c) is proper only when a movant establishes that there is
no genuine issue of material fact and that he is entitled to judgment as a matter of law.
Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995). When
evaluating a summary judgment, we assume that all evidence favorable to the
non-movant is true and indulge every reasonable inference in favor of the nonmovant. 
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). If the movant
shows that he is entitled to judgment as a matter of law, the non-movant must present
evidence raising a fact issue in order to defeat summary judgment. See Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.1995). If the non-movant fails to
file a response, as in this case, the non-movant can attack only the legal sufficiency
of the movant’s summary judgment proof on appeal. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).
          Champions’ motion for summary judgment sought to negate an essential fact
necessary to the Kangs’ claim, i.e., that the “expensive” fixtures alleged to have been
removed from the house after January 13, 1999—the date of the Kangs’
inspection—were, in fact, not in the house prior to that date. In support of this
argument, Champions introduced the following evidence:
          (1) photographs showing no draperies or expensive furnishings;
 
(2) testimony of Jeff Edwards, an Eckerd’s photo lab manager, that the
photographs were developed in July 1998, some four months before the Kangs
ever saw the house; and
 
(3) a cancelled check for the film developing, which was signed by appellee
Keen, and bore the notation “Naramore.”

          The Kangs filed no response to this summary judgment evidence; thus the only
issue on appeal is the legal sufficiency of the evidence to prove that the fixtures were
not in the house when the Kangs agreed to buy it. See City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d at 678.
          On appeal, the Kangs contend that this evidence is legally insufficient because
there is no evidence that (1) the photographs are of the house in question, (2) the
photographs were of the areas of the house in question where the fixtures were
alleged to have been, or (3) that the fixtures had not been removed from the house for
the photographs, put back in the house when the Kangs viewed it, and removed again
after closing.
          However, the Kangs made no objection to the authentication of the
photographs that were attached to Champions’ motion for summary judgment. 
Without a proper objection, defects in the authentication of attachments in support of
a motion for summary judgment or response are waived. Watts v. Hermann Hosp,
962 S.W.2d 102, 105 (Tex. App.—Houston [1st. Dist.] 1997, no pet.) (holding that
objection to authentication of hospital discharge records attached to motion for
summary judgment waived because not raised in trial court); Marchal v. Webb, 859
S.W.2d 408, 417 n. 6 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Because
the Kangs did not object to the authentication of the photographs in the court below,
their first two contentions have been waived.
          Regarding the Kangs’ third contention—that the fixtures may have been
removed from the house for the photographs, replaced in the house for the Kangs’
viewing, and removed from the house again after closing—there is simply no
evidence to support the Kangs’ speculation. As such, the Kangs did not raise a fact
question on the issue of whether or not the fixtures were in the house at the time they
inspected it.
          Because Champions carried its summary judgment burden of disproving what
the Kangs concede is a “bedrock fact” upon which all their claims rest—that the
fixtures were removed from the house after the Kangs’ inspection—the trial court did
not err by granting Champions’ motion for summary judgment.
          We overrule the Kangs’ first issue.
ATTORNEY’S FEES
          In the final judgment, the trial court awarded Champions $25,000 “in
satisfaction of all reasonable and necessary attorneys’ fees and expenses in defending
[the Kangs’] groundless claims brought in bad faith.” In their second issue, the
Kangs contend that the trial court erred in awarding Champions attorney’s fees on its
counterclaim under section 17.50(c) of the Texas Business and Commerce Code,
which provides:
(c) On a finding by the court that an action under this section was
groundless in fact or law or brought in bad faith, or brought for the
purpose of harassment, the court shall award to the defendant reasonable
and necessary attorneys’ fees and court costs.

Tex. Bus. & Com. Code Ann. § 17.50(c) (Vernon 2002).

          Under Sec. 17.50(c), “groundless” means a claim having no basis in law or fact
and not warranted by any good faith argument for the extension, modification, or
reversal of existing law. Donwerth v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d
634, 637 (Tex. 1989). The standard for determining whether a suit is groundless is
“whether the totality of the tendered evidence demonstrates an arguable basis in fact
and law for the consumer’s claim.” Splettstosser v. Myer, 779 S.W.2d 806, 808 (Tex.
1989). The court may consider evidence that is legally inadmissible or subject to
other defects in making this determination if there is some good faith belief that the
tendered evidence might be admissible or that it could reasonably lead to the
discovery of admissible evidence. Donwerth, 775 S.W.2d at 637. The trial court
must examine facts available to the litigant and circumstances existing when the
litigant filed his or her pleadings. Neely v. Comm’n for Lawyer Discipline, 976
S.W.2d 824, 827 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (describing evidence
necessary to Rule 13 hearing). 
          Whether a suit is groundless or brought in bad faith is a question of law for the
trial court. Donwerth, 775 S.W.2d at 637. Our review of the trial court’s
determinations under Section 17.50(c) is a question of law under an abuse of
discretion standard. Id. at 637 n. 3.; see Selig v. BMW of N. Am., Inc., 832 S.W.2d 95,
103 (Tex. App.—Houston [14 Dist.] 1992, no writ). When we review a trial court’s
determination under an abuse of discretion standard, we may not substitute our
judgment for that of the trial court. Schlager v. Clements, 939 S.W.2d 183, 190 (Tex.
App.—Houston [14th Dist.] 1996, writ denied).
          In this case, the trial court held a bench trial on the attorney’s fees issue after 
granting Champions’ motion for summary judgment. At the trial, both of the Kangs
testified that they had seen the expensive fixtures in the house many times before
their final inspection.


 Similarly, the Kangs’ inspector testified that he had seen the
fixtures (but did not note them on his report) during the January 13, 1999 inspection,
but when he returned for a second inspection on March 3, 1999, the fixtures had been
removed. The Kangs also introduced their inspector’s report from the March 3, 1999
inspection, in which he detailed the missing fixtures.
          Champions presented Barbara Keen, who testified that in July 1998, she took
pictures of the Naramore house and that, at that time, it did not contain any expensive
fixtures. Keen testified that the 8,000-square-foot house sold for only $350,000
because it had been “stripped down.” She testified that the house was a foreclosure,
and that she had seen the previous owner selling off the fixtures in July 1998, which
was several months before the Kangs ever made an offer on the house. Indeed, some
of the pictures that Keen took in July 1998 show price tags hanging from the light
fixtures.
          Champions also introduced the testimony of an Eckerd’s photo lab manager,
who was able to confirm, by matching up the envelopes with the negatives, that
Keen’s photographs had been developed on July 4, 1998.
          The Kangs admitted that they had no explanation for why the July 1998
photographs show that the fixtures had already been removed from the house. Ms.
Kang testified that her testimony and that of the Eckerd’s photo lab manager could
not both be true, and Mr. Kang acknowledged his belief that someone at Eckerd’s had
doctored-up the photographs. Mr. Kang acknowledged that either someone at
Eckerd’s was committing fraud or he was.
          Champions also introduced evidence that called into question the credibility
of the Kang’s inspector’s March 3, 1999 report. Specifically, the language used in
the report to document the missing fixtures was very similar to a document that the
Kangs had prepared about the allegedly missing fixtures.
          Finally, and perhaps most importantly, the Kangs admitted that they had been
made aware of the photographs taken by Keen before they ever filed their lawsuit.
          Based on the record before us, we cannot conclude the trial court abused its
discretion in finding the Kangs’ case was groundless and brought in bad faith. 
Accordingly, we overrule issue two.
 
 
 
 
 
CONCLUSION
          We affirm the judgment of the trial court.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.