Reversed and Rendered and Opinion filed August 28, 2007








Reversed and Rendered and Opinion filed August 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00095-CV

____________

 

MARY ANN PARKER, Appellant

 

V.

 

SHERYL KING WALTON, Appellee

 



 

On Appeal from the County
Court at Law No. 3

Galveston County, Texas

Trial Court Cause No. 03FD1577

 



 

O P I N I O N

In five issues, appellant Mary Ann Parker challenges the
trial court=s order imposing sanctions against her for recording a
lis pendens on property awarded to appellee Sheryl King Walton in a divorce
proceeding.  We reverse the trial court=s sanctions order
and render judgment that Walton take nothing.

I.  Factual and Procedural Background








On July 1, 2003, Walton filed for divorce from her husband,
Ronnie Joe Walton (ARonnie Joe@).  Ronnie Joe=s mother, Mary Ann
Parker, was subsequently joined in the divorce proceeding to litigate claims by
Walton regarding two properties at issue in the divorce, including property in
Walton=s name located at
84 Harbor Lane in Kemah, Texas.[1] 
Parker counter-claimed based upon her alleged ownership interest in the Harbor
Lane property and attempted to impose a constructive trust.  During the course
of the litigation, Walton sought to refinance the mortgage on the Harbor Lane
property to obtain a lower interest rate.  Walton sought authorization from the
trial court to refinance the property, and, at a hearing on July 27, 2005, the
court orally granted her such authorization.  The following week, on August 3,
Parker=s attorneys
recorded a lis pendens on the Harbor Lane property, which Walton claims
precluded her from refinancing.  At the ensuing divorce trial on December 6B9, the trial court
awarded Walton the Harbor Lane property as her separate property.  The court
did not submit Parker=s constructive trust claim to the
jury.      








Thereafter, on December 15, Walton filed a motion for
sanctions against Parker, Parker=s attorneys,
Ronnie Joe, and Ronnie Joe=s attorneys under Texas Rule of Civil
Procedure 13, generally alleging that they filed groundless claims in bad faith
and/or to harass her.[2] 
On December 19, Parker responded, contending that Walton failed to meet her
burden to show Parker=s claims were groundless or brought in bad
faith or for the purpose of harassment and complaining that the motion was too
vague to provide proper notice.  At the hearing on December 21, Walton, through
her testimony and her attorney=s arguments, principally alleged that
Parker recorded the lis pendens to prevent her from refinancing the property
and to undermine the court=s order authorizing refinancing.  Walton
testified that her inability to refinance and obtain a lower interest rate
caused her to incur significant costs in additional interest and other
charges.  Parker=s attorney, Toni Sharretts, responded
that, although she was aware Walton might attempt to refinance the property,
she recorded the lis pendens only to protect her client=s interests and
not to prevent Walton from refinancing.  She explained that she was unaware of
the hearing or the court=s order when she recorded the lis pendens,
as she never received a copy of the motion or other notice, and thus she could
not have recorded the lis pendens to undermine the court=s order. 
According to Sharretts, she first learned of the court=s order when
Walton=s attorney
contacted her demanding a release of the lis pendens.  Incredulous that the
hearing took place or that the court gave such an order, Sharretts requested a
copy of documentation reflecting the court=s order, which
Walton failed to provide.  Walton=s attorney, on the
other hand, informed the trial court he properly served all parties in the case
with the motion and noted that Ronnie Joe appeared at the motion hearing to
contest the refinancing.  Walton=s attorney
maintained, and Sharretts admitted, that he told her the lis pendens precluded
refinancing when he requested that she release it, but she still refused. 
Although our record does not contain any written documentation of the court=s order, the trial
judge stated that he Aremember[ed] the motion@ and Arecall[ed]
permitting [Walton] to refinance.@ 








At the close of the hearing, the trial court stated, AAll right.  I=m going to grant
your motion, and I=m going to award the sanctions at . . .
$3,500 in the attorney=s fees, and I=m going to award
6,750 in the difference in the interest rates . . . .@  After the court=s pronouncement,
Walton=s attorney stated
that he would prepare a Aseparate order on that and submit it to
opposing counsel.@[3]  The docket sheet
entry from the day of the hearing accordingly reads, AMot for sanctions
granted per order to be filed by Petitioner on or before 1/6/06.@  However, Walton=s attorney did not
file, and the court did not sign and enter, a written judgment signifying the
sanctions order on or before January 6, 2006.  According to Walton, this was an
Ainadvertent
mistake,@ and, on June 22,
2006, Walton=s attorney filed a motion to enter judgment nunc pro
tunc on the sanctions order.  Parker opposed the motion, arguing that a
judgment nunc pro tunc operates only to correct a clerical error in a written
judgment, and, because no written order existed, a judgment nunc pro tunc was
improper.  The trial court granted Walton=s motion and
entered the judgment nunc pro tunc on the sanctions order on July 13, 2006,
awarding sanctions against AMary Ann Parker@ for Asanctionable
conduct.@[4]  

Parker now appeals, claiming the trial court abused its
discretion in imposing sanctions against her for recording the lis pendens
against the Harbor Lane property.  

II.  Standard of Review

We review the trial court=s imposition of
Rule 13 sanctions for an abuse of discretion.  See Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007).  We may reverse the trial court=s ruling only if
the trial court acted without reference to any guiding rules and principles,
such that its ruling was arbitrary or unreasonable.  Id.  To determine
if the sanctions were appropriate or just, the appellate court must ensure
there is a direct nexus between the improper conduct and the sanction imposed. 
Id. 

III.  Analysis








We first address the second sub-point under Parker=s fifth issue, in
which she contends that Walton failed to overcome the presumption that Parker
recorded the lis pendens on the Harbor Lane property in good faith to put third
parties on notice of the pending litigation concerning the property.  Walton
counters that the trial court sanctioned Parker not only for recording a lis
pendens but also for filing the groundless constructive trust claim against the
propertyCwhich Walton
characterizes as her Ahomestead@Cthat formed the
basis of the lis pendens.  Texas Rule of Civil Procedure 13 authorizes
imposition of sanctions against an attorney, a represented party, or both, who
file pleadings that are (1) groundless and brought in bad faith or (2)
groundless and brought to harass.  See Tex.
R. Civ. P. 13; City of Houston v. Chambers, 899 S.W.2d 306, 309
(Tex. App.CHouston [14th Dist.] 1995, no writ).  When determining
whether Rule 13 sanctions are proper, the trial court must examine the facts
available to the litigant and the circumstances existing when the litigant
filed the pleading.  See State v. PR Invs. & Specialty Retailers, Inc.,
180 S.W.3d 654, 670 (Tex. App.CHouston [14th Dist.] 2005, pet. granted); Neely
v. Comm=n for Lawyer Discipline, 976 S.W.2d 824,
828 (Tex. App.CHouston [1st Dist.] 1998, no pet.).  Rule 13 requires
sanctions based on the acts or omissions of the represented party or counsel
and not merely on the legal merit of the pleading.  See PR Invs., 180
S.W.3d at 670; Neely, 976 S.W.2d at 828.  The trial court must provide
notice and hold an evidentiary hearing Ato make the
necessary factual determinations about the motives and credibility of the
person signing the groundless petition.@  Aldine Indep.
Sch. Dist. v. Baty, 946 S.W.2d 851, 852 (Tex. App.CHouston [14th
Dist.] 1997, no writ).  AGroundless@ means no basis in
law or fact and not warranted by good faith argument for the extension, modification,
or reversal of existing law.  Tex. R.
Civ. P. 13.  Bad faith is not simply bad judgment or negligence; rather,
it is the conscious doing of a wrong for dishonest, discriminatory, or
malicious purposes.  See PR Invs., 180 S.W.3d at 670.  Improper motive
is an essential element of bad faith.  Elkins v. Stotts‑Brown, 103
S.W.3d 664, 669 (Tex. App.CDallas 2003, no pet.).  Harassment means
that the pleading was intended to annoy, alarm, and abuse another person.  See
PR Invs., 180 S.W.3d at 670.  Courts must presume that papers are filed in
good faith, and the party moving for sanctions bears the burden of overcoming
this presumption.  Id. 








Walton maintains that Parker=s constructive
trust claim was groundless and brought in bad faith and to harass because the
trial court refused submission of this claim to the jury at trial, which
signaled that the court found no evidence to support it.  She further asserts
that Parker recorded the lis pendens in bad faith and to harass because she did
so only a few days after the court authorized refinancing of the property over
Ronnie Joe=s objection, and the lis pendens effectively prevented
her from refinancing.  Walton notes that, on the day of the sanctions hearing,
the trial court Ahad the entire record of the case before
[it],@ which shows that
both the constructive trust claim and lis pendens were Aclearly malicious.@  Walton adds that
Parker=s failure to
request findings of fact and conclusions of law constitutes an additional basis
for affirming the court=s sanctions order.    








We agree with Parker that Walton failed to overcome the
presumption that Parker filed her constructive trust claim regarding the Harbor
Lane propertyCand, by extension, the lis pendensCin good faith.[5] 
At the sanctions hearing, Walton focused exclusively on Parker=s recording of the
lis pendens and failed to adduce any evidence showing Parker=s claim, on which
the lis pendens was based, was groundless and brought in bad faith or to
harass.  As to groundlessness, the only statement from the hearing that we
construe as relevant to this issue is Walton=s attorney=s statement to the
trial court, AIt=s difficult for me to understand why they
took an interest in [the Harbor Lane property because it] is owned by my
clients.@  The record is
otherwise devoid of evidence showing that Parker=s underlying claim
lacked a basis in law or fact and was not warranted by a good faith argument
for the extension, modification, or reversal of existing law.  The record does
not contain the pleadings filed in the divorce proceeding or a transcript of the
trial record.  Further, although the final divorce decree indicates the Harbor
Lane property was in Walton=s name and that the constructive trust
claim was not in fact submitted to the jury, the decree does not specify that
Parker=s claim was
groundless.  Nor did the court or the parties so specify during the charge
conference[6]
or in the judgment nunc pro tunc imposing the sanctions, which does not set
forth with particularity the acts or omissions on which the sanctions are
based.[7] 
Moreover, we reject Walton=s summary conclusion that Parker=s claim was
groundless simply because the trial court refused to submit it to the jury. 
Walton does not cite, and we do not find, any authority holding that the court=s refusal to
submit a claim to the jury in itself establishes that the claim was groundless. 
See generally GTE Commc=ns Sys. Corp. v.
Tanner, 856 S.W.2d 725, 731 (Tex. 1993) (noting that Rule 13 does not permit
sanctions for every pleading or motion requesting relief that is denied).  








Similarly, Walton failed to adduce any evidence at the
hearing indicating Parker filed the constructive trust claim in bad faith or to
harass.  The testimony at the hearing focused largely on Parker=s attorneys= purpose for
recording the lis pendens and whether they had notice of the trial court=s order
authorizing financing.  Such evidence does not adequately explain the facts and
circumstances existing at the time Parker filed the constructive trust or the
motives, intent, and credibility of Parker or her attorneys in so filing.  See
Karlock v. Schattman, 894 S.W.2d 517, 523 (Tex. App.CFort Worth 1995,
no writ) (noting that without hearing evidence on circumstances surrounding
filing of pleading signer=s credibility and motives, trial court has
no evidence to determine that pleading was filed in bad faith or to harass). 
Again, Walton simply points to the timing of the lis pendens as directly
subsequent to the trial court=s order authorizing refinancing and the
court=s refusal to
submit the constructive trust claim to the jury as conclusive evidence that
Parker filed the claim in bad faith and to harass.  Therefore, even absent
findings of fact and conclusions of law, we conclude Walton failed to overcome
the presumption that Parker=s constructive trust claim on the Harbor
Lane property was filed in good faith by failing to present any evidence that
the claim was groundless and filed in bad faith or to harass.  See, e.g.,
PR Invs., 180 S.W.3d at 671B72 (holding trial
court erred in imposing sanctions under Rule 13 where there was no evidence at
hearing that petitions were groundless and brought in bad faith or for purpose
of harassment); Elkins, 103 S.W.3d at 668B69 (holding trial
court abused its discretion in imposing sanctions against attorney for filing
motion for sanctions because no evidence of attorney=s motive in filing
motion was presented at hearing and thus there was no evidence of bad faith or
harassment); see also $19,070.00 v. State, 869 S.W.2d 608, 611B12 (Tex. App.CHouston [14th
Dist.] 1994, no writ) (AWhen there are no findings of fact in an
appeal from a trial to the court, the reviewing court must affirm the judgment
if it can be upheld on any legal theory that finds support in the evidence.@ (emphasis
added)).  We accordingly hold that the trial court abused its discretion in imposing
sanctions on Parker. 

We sustain issue five, and, because
we find this issue dispositive, we need not address Parker=s additional issues.  We thus
reverse the trial court=s award of sanctions and render
judgment that Walton take nothing.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed August 28, 2007.

Panel consists of
Justices Yates, Edelman, and Seymore.









[1]  Although Parker maintains that Walton joined her in
the divorce proceeding, we cannot verify the accuracy of this assertion because
the record fails to contain the pleadings filed in the proceeding.  However,
because Walton does not challenge this factual assertion, we will accept it as
true.  See Tex. R. App. P. 38.1(f);
Choice v. Gibbs, 222 S.W.3d 832, 836 n.6 (Tex. App.CHouston [14th Dist.] 2007, no pet.).





[2]  Parker contends that Walton did not in fact file a
new motion for sanctions after trial on December 15 but simply set a hearing on
a motion for sanctions Walton previously filed on December 5 that the trial
court struck as untimely on December 6.  Thus, Parker concludes there was no
live motion for sanctions pending before the court on which it could have
rendered judgment.  The record contains conflicting documentation to this end;
however, because it will not affect the outcome of our decision, we need not
address this issue. 





[3]  The trial court also granted Walton=s requests to enter the final judgment and decree of
divorce and to release the lis pendens.





[4]  In issue one, Parker claims the trial court=s July 13 order of sanctions was void and requests us
to reverse and render a judgment denying Walton sanctions on this ground. 
Specifically, Parker claims the trial court=s
oral pronouncement at the hearing was insufficient to render an order granting sanctions
because it contemplated a future reduction of the order to writing by January
6, which did not occur.  Thus, Parker concludes, the trial court=s entry of the July 13 written order after the court=s plenary power had expired was void.  Upon our review
of the trial court=s oral pronouncement and the surrounding context, we
conclude the court in fact orally rendered an order granting Walton=s prejudgment motion for sanctions, and, thus, the
trial court properly entered such order subsequently via nunc pro tunc.  See
generally Hannon v. Henson, 15 S.W.2d 579, 583 (Tex. Comm=n App. 1929) (holding that where evidence shows
judgment has been actually rendered but not properly entered on record, trial
court has power to order entry of such judgment nunc pro tunc); Ex parte
Cole, 778 S.W.2d 599, 600 (Tex. App.CHouston
[14th Dist.] 1989, no writ) (noting that order is valid when orally pronounced
in open court and that formal entry of orally rendered order constitutes only
ministerial act).  We overrule issue one.





[5]  Because we find that Walton failed to meet her
burden to justify sanctions with respect to the constructive trust claim that
gave rise to the lis pendens, we need not determine whether the lis pendens was
by itself sanctionable under Rule 13 or otherwise.  See generally Sharif‑Munir‑Davidson
Dev. Corp. v. Bell, 788 S.W.2d 427, 428B29
(Tex. App.CDallas 1990, writ denied) (noting that party had Astatutory right to advise one and all by lis pendens
of the lawsuit he filed@ with respect to real estate in dispute and declining
to allow imposition of sanctions against party Afor exercising his right to file suit and notice of lis pendens@).





[6]  We note that our record contains only an excerpt of
the transcript from the charge conference.





[7]  Parker also complains that the judgment nunc pro
tunc imposing sanctions fails to comply with Rule 13.  See Tex. R. Civ. P. 13 (ANo sanctions under this rule may be imposed except for
good cause, the particulars of which must be stated in the sanction order.@); PR Invs., 180 S.W.3d at 672 (noting that
trial court has duty to set forth expressly and with particularity acts or
omissions on which it based Rule 13 sanctions).  However, because Parker failed
to raise this objection to the trial court, she waived this complaint.  See
Appleton v. Appleton, 76 S.W.3d 78, 87 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (holding that
party waived complaint that sanctions order lacked particularized findings of
good cause because party failed to object on this ground in trial court).