*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00695-CV

Dell **CULLUM**,
Appellant

v.

Dalene **WHITE** and Diamond A Ranch,
Appellees

From the 38th Judicial District Court, Real County, Texas
Trial Court No. 2007-2704-DC
Honorable Camile G. DuBose, Judge Presiding

**INTERLOCUTORY OPINION ON APPEAL OF ORDERS
SUSTAINING CONTEST TO AFFIDAVIT OF INABILITY TO PAY COSTS
AND DENYING FREE RECORD**

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: August 25, 2010

ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INABILITY TO PAY COSTS
REVERSED; ORDER DENYING FREE RECORD AND FINDING APPEAL FRIVOLOUS
REVERSED IN PART

Dell Cullum appeals the trial court's orders sustaining the contest to his affidavit of indigence

and finding his appeal is frivolous. We reverse in part.

**BACKGROUND**

The trial court issued a permanent injunction as a sanction against Cullum before a trial on the merits of White's claims.[1] The case was tried to a jury on White's defamation claim, and the trial court signed a final judgment that awarded White actual damages in the amount of $100,000.00, split equally between mental anguish and injury to reputation. The judgment also awarded White $100,000.00 in punitive damages. After Cullum filed a notice of appeal and an affidavit of indigence, the court reporter filed a contest, and a dispute arose over the timeliness of the contest. We deemed the contest timely and ordered the trial court to conduct an evidentiary hearing to determine whether Cullum is indigent and unable to pay all or some of the costs of an appeal from the final judgment and the permanent injunction, and whether the appeal is frivolous.

The trial court conducted a hearing on February 12, 2010, but did not sign the order sustaining the contest until February 25, 2010. The trial court also signed a separate order ruling that Cullum failed to prove his appeal was not frivolous. Cullum appeals both orders.

**DISCUSSION**

**CONTEST TO AFFIDAVIT OF INDIGENCE**

We ordered the trial court to conduct an evidentiary hearing, not later than February 16, 2010, "to determine in accordance with Rule 20.1(i) of the Texas Rules of Appellate Procedure, whether Cullum is indigent and unable to pay all or some of the costs of an appeal of the final judgment, including the permanent injunction." Rule 20.1(i)(4) of the Texas Rules of Appellate Procedure provides:

---

[1] Appellees will be collectively referred to as "White."

> Unless—within the period set for the hearing—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs.

The trial court held the hearing within the period set for the hearing, February 12, 2010, but did not sign the order until February 25, 2010. Because the trial court did not sign the order sustaining the contest within the time set for the hearing, Cullum's allegations of indigence are deemed true. TEX. R. APP. P. 20.1(i)(4); *see Sabanos v. Rivera*, 893 S.W.2d 275, 275 (Tex. App.—Houston [1st Dist.] 1995, no writ).

## FRIVOLOUS APPEAL

Section 13.003 of the Texas Civil Practice and Remedies Code provides that a free record shall be provided only if the trial judge finds the appeal is not frivolous and the statement of facts and clerk's transcript is needed to decide the issue presented on appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(2)(A), (B) (Vernon 2008). A proceeding is frivolous when it "lacks an arguable basis in law or in fact." *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.)(en banc)(quoting *Neitske v. Williams*, 490 U.S. 319, 325 (1989)). A trial court's ruling will be reversed only if the trial court abuses its discretion. *Id.*

Cullum contends he has non-frivolous complaints about both the final judgment and the permanent injunction. He refers to the arguments he made at the hearing on frivolouness and to those in his motion for judgment notwithstanding the verdict and his motion and amended motion for new trial. Cullum argues the permanent injunction was erroneously entered without a trial and that the injunction violates his First Amendment rights. Additionally, he asserts numerous challenges to the final judgment, including arguments that there is no evidence or insufficient evidence to support a finding White suffered an actual injury caused by Cullum or an award of exemplary damages.

***Permanent Injunction***

White filed a motion to enter a permanent injunction, asserting Cullum should be sanctioned for using delay tactics and violating the temporary injunction. According to White's attorney, these tactics included repeated attempts to remove the case to federal court, violations of the docket control order, late designation of an expert, and filing a no evidence motion for summary judgment. No evidence was introduced at the permanent injunction hearing, and White's attorney did not refer to any rule or statute as the basis for imposing sanctions.

After argument of counsel, the trial court granted a permanent injunction. The permanent injunction provided in part:

> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendant, DELL R. CULLUM be, and hereby is, commanded to desist and refrain from:
>
> 1. contacting any existing or former clients of Plaintiffs for any purpose;
>
> 2. posting any information, on any internet medium, about Plaintiff White, the Diamond A Ranch, or any operations, affiliations, or employees associated therewith;
>
> 3. communicating with third parties, either orally or in writing via the internet or any recognized postal delivery method any information regarding Plaintiff White, the Diamond A Ranch, or any operations, affiliations, or employees associated therewith;
>
> 4. creating or assisting in the creation of any website which mentions Leakey, Real County, Plaintiff White, Diamond A Ranch, or any operations, affiliations, or employees associated therewith;
>
> 5. publishing, by any means, any material that in any way refers to Plaintiff White, the Diamond A Ranch (or any operations, affiliation, or employees associated therewith);
>
> 6. publishing, by any means, any information or material that has been recorded electronically, digitally, or by video, and whether or not created by Defendant, his agents, or anyone acting on his behalf, that in anyway refers to

Plaintiff White, the Diamond A Ranch (or any operations, affiliation, or employees associated therewith); and

7. posting the website "diamondalcoholicranch.com" on the internet.

Cullum complains it was improper to enter a permanent injunction as a sanction. Texas Rule of Civil Procedure 13 authorizes imposition of sanctions against an attorney, a represented party, or both, who file pleadings that are (1) groundless and brought in bad faith or (2) groundless and brought to harass. TEX. R. CIV. P. 13; *City of Houston v. Chambers*, 899 S.W.2d 306, 309 (Tex. App.—Houston [14th Dist.] 1995, no writ). Rule 215 allows a court to impose sanctions for discovery abuse. TEX. R. CIV. P. 215. Chapter 10 of the Civil Practice and Remedies Code allows sanctions for filing a pleading or motion "for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2008). White did not argue at the hearing that there had been any discovery abuse; therefore, the sanction must be pursuant to either Rule 13 or Chapter 10.

When determining whether to impose Rule 13 sanctions, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *See Elkins v. Stotts-Brown,* 103 S.W.3d 664, 667 (Tex. App.—Dallas 2003, no pet.); *Neely v. Comm'n for Lawyer Discipline*, 976 S.W.2d 824, 828 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Rule 13 requires sanctions be based on the acts or omissions of the represented party or counsel and not merely on the legal merit of the pleading. *See Elkins,* 103 S.W.3d at, 667; *Neely*, 976 S.W.2d at 828. Good cause for the sanction must exist and the particulars must be stated in the sanction order. TEX. R. CIV. PROC. 13. The trial court must also hold an evidentiary hearing. *Id*. "Rule 13 requires that sanctions imposed be 'appropriate', which is the equivalent of 'just' under Rule 215." *GTE*

*Communic'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993). Case-determinate sanctions may not be imposed unless the violation warrants adjudication on the merits. *Id*.

Under Chapter 10 of the Texas Civil Practices and Remedies Code, an attorney's signature on a pleading certifies that he made "reasonable inquiry" that:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2002). A trial court may impose sanctions against a party if the trial court finds that the party has failed to comply with any one of the above requirements. *See id*. § 10.002 (Vernon 2002) ("A party may make a motion for sanctions, describing the specific conduct violating Section 10.001."). The trial court shall describe in its order imposing sanctions "the conduct the court has determined violated Section 10 .001 and explain the basis for the sanction imposed." *See id*. § 10.005.

The trial court did not hold an evidentiary hearing before entering the permanent injunction. The permanent injunction order did not specify under what authority sanctions were being imposed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.002, 10.004 (Vernon 2002); TEX. R. CIV. P. 13. Nor did the order include findings to support the basis of the sanction. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 10.005 (Vernon 2008) (requiring court to describe in sanctions order sanctionable conduct and basis for sanction); TEX. R. CIV. P. 13 (requiring that sanctions order state particulars of good cause supporting sanctions).

Cullum also contends the permanent injunction is an impermissible restraint on speech and violates Cullum's constitutional right to free speech. "Defamation alone is not a sufficient justification for restraining an individual's right to speak freely." *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253, 255 (Tex. 1983)(striking down an injunction because the language at issue "evoked no threat of danger to anyone and, therefore, may not be subject to the prior restraint of a temporary injunction."). A prior restraint may be permissible only when essential to avoid an impending danger. *Id.*; *see also Ex Parte Tucker*, 220 S.W. 75, 76 (Tex. 1920)(speech is properly restrained only when involving an actionable and immediate threat); *Pirmantgen v. Feminelli*, 745 S.W.2d 576, 579 (Tex. App.—Corpus Christi 1988, no writ) (restriction against disseminating an allegedly libelous letter was an unconstitutional prior restraint).

We hold Cullum's complaint that the trial court erred in entering a permanent injunction is not frivolous.

### *The Judgment*

Cullum raises numerous complaints related to the final judgment, including sufficiency of the evidence to support White's claim for damages for defamation. Having reviewed the record from the trial court's hearing on frivolousness, we cannot determine whether the trial court abused its discretion in finding Cullum's appeal of the judgment is frivolous. The record contains only conclusory statements of the evidence, from which it is impossible to ascertain whether the trial court abused its discretion in finding Cullum's appeal is frivolous. Cullum is entitled to a record of

sufficient completeness to enable him to establish the trial court erred in finding his appeal is frivolous. *De La Vega*, 974 S.W.2d at 154; *see also In re J.J.L.,* No. 04-10-00061, 2010 WL 2841863, *1 (Tex. App.—San Antonio July 21, 2010, no pet. h.)(in appeal of termination of parental rights it is appropriate to consider the entire record if reviewing court is unable to determine from the record of the new trial hearing alone whether the trial court abused its discretion in finding the appeal frivolous).

**CONCLUSION**

We hold Cullum is deemed indigent because the trial court did not sign the order sustaining the contest to Cullum's affidavit of inability to pay costs within the time prescribed by TEX. R. APP. P. 20.1(i)(4). We also hold the trial court abused its discretion in finding the appeal of the permanent injunction is frivolous. Finally, Cullum is entitled to a record of all the evidence from the trial so that we can determine if the trial court abused its discretion in finding the appeal of the final judgment is frivolous.[2]

Steven C. Hilbig, Justice

---

[2] However, if the court determines the appeal of the judgment is frivolous, the court may tax costs as it deems appropriate. TEX. R. APP. P. 43.4; *see also Recognition Commc'ns., Inc. v. Am. Auto. Ass'n, Inc.* 154 S.W.3d 878, 894 (Tex. App.—Dallas 2005, pet. denied)("courts of appeals have considerable discretion in taxing costs on appeal.").